IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM C. SPENT, JR. D/B/A SPENT SADDLERY & FEEDS, | § § § | |
| PLAINTIFF, | § § | Civil Action No. SA-09-CA-0838-XR |
| VS. | § § | 5:09-cv-00838-XR |
| LONE STAR SILVERSMITH, INC. AND JEFF DEES, | § § § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S DISPOSITIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff William C. Spent, Jr. d/b/a Spent Saddlery & Feeds ("Spent" or "Plaintiff"), in the above-styled and numbered civil action, files this Motion for Partial Summary Judgment against Defendants Lone Star Silversmith, Inc. ("Lone Star") and Jeff Dees ("Dees") (together "Defendants") and, in support thereof, would show the Court as follows:

### I. REQUEST FOR ORAL ARGUMENT

Spent asks the Court to schedule a hearing so that the parties may present oral argument.

### II. STATEMENT OF UNCONTESTED FACTS

This is an action for copyright infringement and unjust enrichment against Defendants. The claims arise from Defendants' unauthorized copying and use of a work of art owned by Spent (hereafter, the "Protected Work") that was registered with the United States Copyright Office on July 15, 1991. App. at 5-8.

For over 45 years, Spent operated Spent Saddlery & Feeds out of Oreana, Illinois. App. at 2. Spent Saddlery & Feeds is a retail store individually owned by Spent that sells saddles, western wear, custom buckles, custom made saddles, tack and related merchandise. *Id.*

Team penning is an equestrian event whereby a team of riders sort three cattle into a pen in the fastest possible time. App. at 2. In 1990, because there was not an existing motif that accurately depicted the sport of team penning, Spent created an original logo depicting three riders "penning" three head of cattle. In 1991, Spent registered the image with the United States Copyright Office. App. at 2, 5. Throughout the 1990's, Spent continued selling belt buckles, key chains, pins, bolo ties, and clothing depicting the Protected Work. In 2000, Spent was referred to Dees and Lone Star, then known as Silver Strike, Inc. App. at 3.

Lone Star is a silversmith company located in New Braunfels, Texas, which primarily creates custom designed belt buckles, trophies, ribbons, and awards. App. at 3. Spent and Dees entered into a verbal agreement whereby Dees' company, then known as Silver Strike, Inc., would create custom belt buckles of the Protected Work for sale through Spent Saddlery & Feeds. *Id.* Spent explained to Dees that the Protected Work was copyrighted and was not to be used by, or sold to, anyone else. App. at 3. Spent then provided Dees with a copy of the Protected Work to create belt buckles exclusively for Spent. No other rights were conveyed. App. at 4.

In 2008, Spent received a copy of Lone Star's catalog in the mail. In the catalog, Lone Star advertised several belt buckles containing the Protected Work and offering it as one of many available "motifs" which a customer could choose to create a custom belt buckle. App. at 3, 9-15.

Lone Star's website also advertises examples of belt buckles that depict the Protected Work. Like the catalog, the website contains a page advertising the Protected Work as an option on their list of available motifs. Lone Star represents that "the pictured motifs are the most popular choices with our customers." The Protected Work is featured on that same page. App. at 4, 16-18.

Spent gave limited permission to Defendants to use the Protected Work in creating the belt buckles exclusively for his store. Spent did not give permission or consent to Dees or Lone Star to use the Protected Work in any other manner; however, Defendants used the Protected Work for nearly eight years in their own line of custom belt buckles.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Valles v. Frazier*, 2009 WL 2905832 at *1 (W.D. Tex. 2009) (citing *Adams v. Travelers Indem. Co.,* 465 F.3d 156, 163 (5th Cir. 2006)). Once the moving party has met this burden, it then falls upon the non-moving party to "go beyond the pleadings" and designate "specific facts" in the record demonstrating a genuine issue of material fact for trial. *Id.*

The summary judgment evidence attached to this motion as App. 1-18 establishes that Defendants are liable for copyright infringement. Spent hereby incorporates this evidence herein by reference.

## IV. ARGUMENT AND AUTHORITIES

To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright, and (2) the defendant copied constituent elements of the plaintiff's work that are original. *See* 17 U.S.C.A. § 501(a); *Gen. Universal Sys. v. Lee,* 379 F.3d 131, 141 (5th Cir. 2004); *Szabo v. Errisson,* 68 F.3d 940, 942 (5th Cir. 1995) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 387 (5th Cir. 1984)). A plaintiff is likely to succeed on a claim for copyright infringement if the plaintiff can establish ownership of a valid copyright and copying by the defendant. *See Feist Publications Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

"A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *General Universal Systems, Inc. v. Lee,* 379 F.3d 131, 141 (5th Cir. 2004). Spent has provided conclusive evidence of his ownership of United States Copyright Registration Number VA 454 311 for his Protected Work, which satisfies the first element necessary to show copyright infringement. App. at 5.

Likewise, it is clear that Defendants directly copied and infringed Spent's copyrights. There are two ways to prove copying: (1) with proof of direct evidence of copying or (2) through circumstantial evidence demonstrating the defendant had access to the copyright work and that the two works are similar. 17 U.S.C. § 102, 501 (2008); *Feist,* 499 U.S. at 344-45. Exhibits 2 and 3 prove that Defendants copied the Protected Work to create at least six (6) separate infringing items that were offered on Defendants' website and catalogs. *See* App. at 9-18.

Under the Copyright Act, the copyright owner may elect to recover statutory damages instead of actual damages. 17 U.S.C. § 504(c)(1). Statutory damages range from $750 to $30,000 per work infringed, as a court deems just. 17 U.S.C. § 504(c)(1); *Broadcast Music, Inc. v. Xanthas, Inc.,* 855 F.2d 233, 236 (5th Cir. 1988). A court may increase the damage award to

no more than $150,000 if it finds the infringing conduct was committed willfully. 17 U.S.C. §504(c)(2).

The summary judgment evidence clearly establishes that Defendants willfully infringed Spent's copyright. A defendant willfully infringes if "he knows his actions constitute infringement; the actions need not have been malicious." *Broadcast Music, Inc.* at 236. A court may infer willfulness from evidence that notice of a valid copyright was provided to the defendant prior to the infringement. *Malaco Inc. v. Cooper,* 2002 WL 1461927, at *4 (N.D. Tex. July 3, 2002) (citing *Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1227 (7th Cir. 1991)). Spent notified Defendants from the outset that his work was copyrighted, and told Dees that it was not to be used by or sold to anyone else. App. at 3.

Moreover, the copyright symbol was included on the Protected Work when it was given to Defendants. *See* App. at 8. A comparison of the Protected Work and the infringing works shows that Defendants removed the copyright symbol from the bottom right corner of the Protected Work. *See* Figure A. Defendants used the Protected Work as their own to make at least six (6) different infringing items that were advertised on Defendants' website and catalogs. *Id.*



**Figure A. Comparison of Protected Work and Infringing Works**

| App. 7 – Spent's Original Work of Art ("Protected Work") | App. 9 – LCF 2005 |





Defendants have no defense to Spent's claim of copyright infringement. Defendants were paid to create custom belt buckles for Spent Saddlery and Feeds in 2000. After delivering the belt buckles to Spent, however, Defendants used the Protected Work in their advertising and product line, avoiding detection until 2008. During this time, the Protected Work became one of "the most popular choices" with Defendants' customers. App. at 16. Spent was not paid for the unauthorized use of his Protected Work and had no knowledge of the infringement until he received a copy of Defendants' catalog in the mail. App. at 2-3. Defendants' actions represent a clear case of willful copyright infringement in violation of the Copyright Act.

## V. CONCLUSION

There exists no genuine issue as to any material fact in this case. The Protected Work was registered with the United States Copyright Office on July 15, 1991. Defendants copied the Protected Work, used it without permission, and were eventually caught when Spent received

their catalog in the mail.  Spent received nothing in return for Defendants' extensive use of his intellectual property.  For these reasons, Spent asks the Court to enter an Order:

i. Finding that Defendants committed copyright infringement in violation of 17 U.S.C.A. § 501(a);

ii. Finding that Defendants infringed Spent's copyright "willfully" as defined by 17 U.S.C.A. § 504(c)(2);

iii. Awarding Spent the maximum of $150,000 in statutory damages for each of the six (6) infringing works as provided by 17 U.S.C.A. § 504(c)(2);

iv. Awarding Spent his costs and reasonable attorneys' fees as the prevailing party as provided by 17 U.S.C.A. § 505; and

v. Giving Spent the option to elect the award of attorneys' fees and statutory damages issued pursuant to 17 U.S.C.A. § 504, or to proceed with a trial on damages on his claims for copyright infringement and unjust enrichment.

Spent further requests such other relief, at law or in equity, to which he may be justly entitled.

        Respectfully submitted,

        By:  */s/ Stephen A. Kennedy*
            **STEPHEN A. KENNEDY**
            Texas State Bar No. 11300425

**KENNEDY CLARK & WILLIAMS, P.C.**
1700 Pacific Avenue, Suite 1280
Dallas, TX  75201
Direct Line:  214-979-1122
Facsimile:    214-979-1123
skennedy@kcwfirm.com

**ATTORNEY FOR PLAINTIFF
WILLIAM C. SPENT, JR. D/B/A SPENT
SADDLERY & FEEDS**

## CERTIFICATE OF SERVICE

On July 29, 2010, I electronically submitted the foregoing document to the Clerk of the U.S. District Court, Western District of Texas, using the electronic case filing system of said Court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                    */s/ Stephen A. Kennedy*
                                                    Stephen A. Kennedy