IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM C. SPENT, JR. d/b/a | )( | |
| SPENT SADDLERY & FEEDS, | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | |
| VS. | )( | Civil Action No. SA-09-CA-0838-XR |
| | )( | |
| LONE STAR SILVERSMITH, INC. | )( | |
| and JEFF DEES, | )( | |
| | )( | |
| Defendants. | )( | |

## DEFENDANTS' RESPONSE TO THE PLAINTIFF'S
## DISPOSITIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants LONE STAR SILVERSMITH, INC. and JEFF DEES (hereinafter the "Defendants") files this their Response to the Plaintiff's Dispositive Motion for Partial Summary Judgment, and in support thereof would respectfully show this court as follows:

## I.

## SUMMARY OF THE DEFENDANTS' RESPONSE

The Plaintiff's Dispositive Motion for Partial Summary Judgment (hereinafter the "Motion") should be **denied** for at least the following reasons:

1.      The Motion is premature given the current status of the case as Defendants have not even had an opportunity to take the deposition of the Plaintiff or complete basic essential discovery;

2.      The Plaintiff's Motion fails to establish evidence that the Defendants "willfully" committed the alleged infringement of the Plaintiff's copyrighted work;

3.      The Plaintiff's Motion fails to establish evidence of the number of works infringed to support the Plaintiff's claims for statutory damages on six (6) infringed works; and,

4.      Fact issues do exist with regard to whether or not the alleged infringement was done willfully or intentionally which preclude the maximum statutory award sought by the Plaintiff.

## II.

## <u>BACKGROUND</u>

This case involves copyright infringement claims made by the Plaintiff against the Defendants regarding a team penning logo created by the Plaintiff for the use primarily on belt buckles and other western wear items.  The Plaintiff created a logo essentially showing  three cowboys on horseback leading three heads of cattle into a pen (hereinafter this is referred to as the "Protected Work").  Plaintiff states he entered into a verbal agreement with the Defendants to create custom built buckles including the Protected Work.  There is no known written contract or agreement between the parties concerning the Protected Work.

Plaintiff alleges that the Defendants infringed on the Protected Work and in his Motion asks the court to award the maximum statutory damages for the alleged infringement.  Defendants assert that the Plaintiff has no evidence to support his claims that the Defendants acted willfully or intentionally with regard to the infringement of the Plaintiff's Protected Work, and therefore if the court were to award the maximum statutory damages sought by the Plaintiff such an award would be improper and excessive given the circumstances of this case.  Defendants further assert that any infringement of the Plaintiff's Protected Work was inadvertent, done innocently, and without the awareness of the Defendants. The Defendants upon learning of the alleged infringement immediately took steps to discontinue any use of the Protected Work.  Defendants assert that a genuine issue of material fact exists with regard to whether or not the Defendants' conduct with regard to any infringement of the Protected Work was willful or intentional, and therefore the Plaintiff's Motion

should be **DENIED**.

## III.

## SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate **only** when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and the movant is therefore entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In order to grant a summary judgment, a court must determine that there is no genuine issue of fact that would warrant further proceedings. Id.; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  A court should review the evidence and any inferences that may be drawn in the light most favorable to the non-movant, and **"all facts and evidence must be taken in the light most favorable to the non-movant."** *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 158 (1970); *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).  In evaluating a motion for summary judgment, all reasonable doubts about the evidence are to be construed in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  When reviewing the summary judgment evidence that has been submitted by the Plaintiff, it is clear under the above standard that the Plaintiff's Motion for Partial Summary Judgment should be **denied**.

## IV.

## DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION

**A.      Plaintiff's Motion is Premature Because the Defendant Has Not Had an Opportunity to Take the Plaintiff's Deposition or Complete Discovery.**

The Supreme Court cases defining the contours of summary judgment practice under Federal Rule of Civil Procedure 56 contemplate that such a motion will be regarded as premature if the non-moving party has not had an opportunity to make full discovery.  *Celotex Corp. v. Catrett*, 477 U.S.

317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  In this case the parties have only engaged in limited written discovery and no depositions have been taken.  Counsel for the parties had previous discussions regarding the Plaintiff's deposition but the deposition was never completed due to the Plaintiff's medical condition and health concerns.  Defendant has again requested dates for the Plaintiff's deposition.  At a minimum, the Defendants need additional time to secure the testimony of the Plaintiff in regard to such matters as the verbal agreement between the Plaintiff and the Defendants as to the Protected Work, any related notices on the same, and any evidence of the infringement or amounts of infringement as alleged by the Plaintiff in his Motion.  Such testimony and evidence is critical to the issues raised in the Plaintiff's Motion and whether or not a fact issue exists regarding the Plaintiff's allegations, and is critical to the Defendants' defenses to the Plaintiff's allegations.  Defendants respectfully request that the Court deny the Plaintiff's Motion and/or extend the time for ruling on the same until the Defendants have had additional time to depose the Plaintiff, to conduct other discovery, and prepare additional responses to the allegations contained in the Plaintiff's Motion.

Further, since receiving this lawsuit the Defendants have focused on attempting to schedule this case for mediation in order to avoid unnecessary expenses for both parties and the unnecessary use of the court's time and resources.  The parties had discussions on possible mediation dates, special mediation arrangements based on the Plaintiff's medical condition, and the Defendants even agreed to use the mediator selected by the Plaintiff, attorney Gale "Pete" Peterson.  Plaintiff prepared and filed an ADR report with this court informing the court that the case would go to mediation with Mr. Peterson, and referencing the Plaintiff's serious health condition.  *See* Exhibit "A" in Appendix.  However, rather than continuing to pursue mediation the Plaintiff has now filed his Motion

essentially asking for a directed verdict against the Defendants and an award of a significant amount of statutory damages.

The Plaintiff's Motion is premature until the depositions of the parties and other essential discovery have been completed, and also until mediation is given a chance to succeed. Mediation is desired because potentially it will save significant fees and expenses for all of the parties, as well as the court's time and resources, if the matter can be resolved at mediation. Defendants ask the court to delay any ruling on the Plaintiff's Motion until the parties have had an opportunity to mediate the case and see if it can be resolved, and to order this case to mediation on a mutually convenient date to the parties and the mediator who the parties have already selected, Mr. Peterson, within the next seventy-five (75) days. Defendants also ask the court to allow the Defendants additional time to take the Plaintiff's deposition and file a supplemental response to the Plaintiff's Motion once that additional discovery is complete if mediation is unsuccessful.

## V.

### B.   Plaintiff's Motion Fails to Establish the Defendants Acted Willfully

Plaintiff hired the Defendants to create some belt buckles for the Plaintiff some years ago based on the Plaintiff's Protected Work. Defendants' had performed little to no work for the Plaintiff for some time prior to receipt of the Plaintiff's lawsuit. Defendants had no knowledge that Plaintiff's Protected Work was displayed in the Defendant's catalog. No evidence has been established that the Defendants willfully infringed on the Plaintiff's copyright, or intended to infringe on the Plaintiff's copyright. The Affidavit of Jeff Dees filed in support of this Response to the Plaintiff's Motion shows that there was no intent to infringe on the Plaintiff's copyright, or even an awareness that the Plaintiff's Protective Work was being used. *See* Exhibit "B" in Appendix.

The summary judgment evidence presented in the Plaintiff's Motion, and the declarations contained in the appendix to the Plaintiff's Motion, do not establish or provide any evidence that the Defendants willfully or intentionally infringed on the Plaintiff's Protective Work.  No where in the declaration signed by the Plaintiff himself, Mr. Spent, does he assert that the Defendants intentionally or willfully used his Protected Work nor is there any other evidence presented of the Defendants' alleged willful conduct in the Plaintiff's Motion.  At a minimum a genuine issue of material fact exists with regard to whether or not the Defendants' actions were willful or intentional, especially given the totality of the circumstances and facts of this case.

The Affidavit of Jeff Dees also establishes that any use of the Plaintiff's Protected Work was through mere inadvertence or was simply an innocent mistake.  Mr. Dees' Affidavit confirms he did not intentionally place the Plaintiff's Protected Work in his company's catalog, that he was not aware it was even in the catalog until this lawsuit, and that once he became aware of the situation he immediately took steps to stop the sale of the Protected Work.  *See* Exhibit "B" in Appendix.  Mr. Dees' Affidavit demonstrates a lack of intent to violate any copyright laws or infringe upon the Plaintiff's Protected Work.  At a minimum Mr. Dees' Affidavit raises a fact issue that should be presented to a trier of fact with regard to the state of mind of the Defendants and whether or not there is any evidence that they willfully or intentionally used the Plaintiff's Protected Work.  Accordingly, Defendants respectfully request that the court deny the Plaintiff's Motion.

## VI.

### C.    Plaintiff's Motion Fails to Establish the Number of Alleged Infringements

Plaintiff has produced no evidence in his Motion of any sales that the Defendants actually made containing the Plaintiff's Protected Work, or the amount of sales derived from the Plaintiff's

Protected Work, if any.  Plaintiff's Motion produces no evidence to support his claim of six (6) infringed works, or the basis for the six (6) figure he uses when requesting his damages.  This falls short of the requirements necessary for the granting of the Plaintiff's Motion, and a fact issue exists in terms of the number of infringed works which may have taken place.  The Plaintiff has the burden of showing the non-existence of any issue of material fact to allow for a summary judgment, and the Plaintiff has not met this burden to show that there were six (6) incidents of infringement of the Plaintiff's Protected Work.  Even if the court finds there was infringement by the Defendants, there is no evidence upon which to base an award for the amount of six (6) infringing works.  A fact issue exists on the number of infringed works alleged by the Plaintiff (is it really six or not?) which precludes the granting of the Plaintiff's Motion.

## VII.

### D.    Plaintiff's Motion Requests an Award Which is Excessive

A plaintiff in a copyright infringement case can elect to recover either the actual damages caused by the infringement, or the statutory damages outlined as provided in Title 17, Section 504, of the United States Code.  17 U.S.C. § 504(a).  Here the Plaintiff is asking the court to award the maximum possible statutory damages to the Plaintiff for the alleged infringement by the Defendants.  Defendants would assert that such an award is excessive given the circumstances of this case and the fact that there is at least a fact issue with regard to the willfulness of the Defendants' action to allow for the awarding of the maximum statutory damages.  The Jeff Dees' Affidavit evidences that the Defendants did not intentionally or willfully use the Plaintiff's Protected Work, but the alleged use and/or sale of the Protected Work was simply done inadvertently through an innocent mistake.  *See* Exhibit "B" in Appendix.  Plaintiff has not met his burden to show that no genuine issue of

material fact exists with regard to that issue and therefore Plaintiff's Motion should be **denied**.

Further, Defendants would assert that if the court were to determine that the Plaintiff's Protected Work was infringed and the court considers an award to the Plaintiff for statutory damages that the amount the court considers awarding should be the lesser amounts provided for in Section 504(c)(1) of Title 17 of the United States Code.  Pursuant to 17 U.S.C. 504(c)(1), ordinarily the statutory damages available are "in a sum of not less that $750 or more than $30,000 as the court considers just."  *See* 17 U.S.C. 504(c)(1).  There is no evidence that the Defendants were aware prior to the lawsuit that the Plaintiff's Protected Work was in their catalog, nor is there any evidence that the Defendants had substantial sales using the Plaintiff's Protected Work or generated substantial profits from the same.  There is no evidence of egregious conduct by the Defendants with regard to the use of the Plaintiff's Protected Works, and once the Defendants learned of any issues involving the Protected Work via this lawsuit they immediately sent the Plaintiff's motif back to the Plaintiff's counsel.  There is no evidence to support an award of the maximum statutory damages sought by the Plaintiff, such an award would be unjust and excessive, and accordingly the Defendants request the Motion be **denied.**

## VIII.

## <u>CONCLUSION</u>

The Plaintiff's Motion is premature in that the Defendants have not had an opportunity to even depose the Plaintiff, or do more relevant discovery to properly prepare and respond to the Plaintiff's Motion.  Further, the Defendants were under the impression that this matter was being prepared for mediation and had discussions with the Plaintiff regarding mediating this case (and even agreed to the mediator selected by the Plaintiff) only to then be served with the Plaintiff's Motion

requiring this response.  Plaintiff's Motion should be denied, or at a minimum any ruling on the Plaintiff's Motion should be delayed until the Defendants have had an ample opportunity to conduct further discovery, including basic discovery like the deposition of the Plaintiff, and for the case to have the opportunity for success at mediation.

In addition, the Plaintiff's Motion itself is void of any summary judgment evidence regarding the alleged willful conduct of the Defendants and/or the amount of the alleged infringements (claimed to be six) asserted by the Plaintiff in his Motion.  The declaration of the Plaintiff attached to the Plaintiff's Motion does not provide any evidence of specific conduct engaged in by the Defendants which establishes that Defendants intentionally or willfully infringed the Protected Work, nor does the Plaintiff's own declaration outline competent summary judgment evidence with regard to the amount of the infringements (it does not even mention the six (6) infringement figure). The Affidavit of Jeff Dees filed contemporaneously with this Response in the Appendix to the same evidences that Mr. Dees did not intentionally or willfully infringe upon the Plaintiff's copyright or Protected Work.  Any placement of a picture of the Plaintiff's Protected Work in a publication was merely inadvertent and an innocent mistake, and was immediately stopped upon being notified of its alleged use.  At a minimum a fact issue exists with regard to the Defendants' willful and/or intentional conduct and/or the amounts of infringement; therefore, Plaintiff's Motion should be in all respects **denied.**

In the alternative, in the event the court finds that there was some infringement of the Plaintiff's Protected Work, Defendants respectfully request that any statutory damage award that may be made by the court to the Plaintiff be limited to the amounts outlined in Title 17, Section 504(c)(1) of the United States Code, or an otherwise more limited amount deemed just by the court.

**DEFENDANTS' RESPONSE TO THE PLAINTIFF'S PARTIAL MSJ**                                                      **PAGE 9**

## IX.

## PRAYER

For the foregoing reasons asserted above, Defendants respectfully request that the Plaintiff's Dispositive Motion for Partial Summary Judgment be in all things **denied**.  In addition, if necessary, Defendants respectfully request that the Court delay any ruling on the Plaintiff's Motion until the Defendants have had the opportunity to conduct further discovery and at least depose the Plaintiff and/or mediate this case.  Further, Defendants respectfully request that if the Court finds that the Defendants committed copyright infringement that the Court limit its award to the Plaintiff to the amount outlined in 17 U.S.C. Section 504(c)(1).  Defendants also respectfully request any and all such other and further relief to which they must be entitled.

Respectfully submitted,

**SPARR, BREWSTER & GEERDES, INC.**
1313 N.E. Loop 410, Suite 100
San Antonio, Texas 78209
Telephone: (210) 828-6500
Telecopier: (210) 828-5444

By:     */s/Richard A. Sparr, Jr.*
        Richard A. Sparr, Jr.
        State Bar No.18887300
        ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

On August 6, 2010, I submitted the foregoing document  electronically for filing with the Clerk of the U.S. District Clerk, Western District of Texas, using the electronic case filing system of said Court.  I also certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by the Federal Rules of Civil Procedure.

/s/Richard A. Sparr, Jr.
Richard A. Sparr, Jr.