IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM C. SPENT, JR. d/b/a<br>SPENT SADDLERY & FEEDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. SA-09-CV-838-XR |
| | ) | |
| LONE STAR SILVERSMITH, INC.<br>MONTANA SILVERSMITHS, INC.,<br>GROUP MONTANA, INC.,<br>AWARD DESIGN MEDALS, INC.,<br>GEOLFOS SILVERSMITHS, INC.,<br>JEFF DEES, DAN GEOLFOS and<br>WENDELL HAMILTON, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WENDELL HAMILTON'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Comes now Defendant, Wendell Hamilton, by and through counsel, and pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, and moves this Court to dismiss Plaintiff's Amended Complaint on grounds of lack of personal jurisdiction and venue.[1] For grounds, this Defendant would rely upon the contemporaneously filed Declaration of Wendell Hamilton and would further show as follows:

### I.   FACTUAL BACKGROUND

Plaintiff's copyright infringement claim sued several defendants, including Defendant Wendell Hamilton ("Hamilton") in his individual capacity.  Hamilton is a resident of Broken Arrow, Oklahoma, and has never resided in the state of Texas.  (Declaration of Wendell

---

[1] Contemporaneous with this filing, Hamilton will be filing a Motion to Transfer Venue pursuant to 28 U.S.C. § 1406 and/or § 1404(a) as an alternative pleading, to the extent this Court denies the instant Motion.

Hamilton, attached as Exhibit 1, at ¶¶ 2-3) (hereinafter "Decl. at ___").  Hamilton owns no property in Texas, does not pay taxes there, and has no association with any Texas businesses. (Decl. at ¶¶ 4, 6, 9).  Likewise, he has no accounts in Texas, receives no income from that state, and has never been a party to a Texas lawsuit.  (Decl. at ¶¶ 11-13).  Hamilton has never personally engaged in any business transaction involving Plaintiff's copyrighted material, in Texas, or in any other state.  (Decl. at ¶¶ 18, 24).  His only contact with the state of Texas since 2000 has been personal and unrelated to Award Design, and included unsuccessful attempts to buy a business, the purchase of a vehicle which he uses in Oklahoma, and the purchase of a concession stand which he immediately moved to Oklahoma.  (Decl. at ¶ 24).

From 1973 until June of 2000, Hamilton was the President of Award Design Medals, Inc. ("Award Design") (Decl. at ¶¶ 14-15).  During its active operation, Award Design was an Oklahoma company with its principal place of business in Oklahoma.  (Decl. at ¶ 14).  As President, Hamilton did not oversee Award Design's day-to-day operations.  (Decl. at ¶ 16). Award Design was contacted by Plaintiff William Spent, Jr. in 1990 to create a sculpture of an image created by Mr. Spent for the use of Plaintiff Spent Saddlery & Feeds.  (Decl. at ¶ 17). Hamilton had no involvement in the design and marketing of this sculpture.  (Decl. at ¶ 18).  In 2000, Award Design sold its name and assets to the holding company of Defendant Montana Silversmiths, Inc.  (Decl. at ¶ 20).   In April of 2001, Award Design had completely ceased all operations in the Western Retail business.  (Decl. at ¶ 21).  By that time, Award Design had removed all dies and equipment from its premises.  (Decl. at ¶ 21).

## II. <u>LAW AND ARGUMENT</u>

### A. THIS COURT LACKS PERSONAL JURISDICTION OVER HAMILTON.

Plaintiff has the burden to establish that this Court has personal jurisdiction over non-resident Hamilton. *See Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). In order to carry this burden and establish personal jurisdiction over Hamilton, Plaintiff must answer the following questions affirmatively under Fifth Circuit law:

> (1) whether the defendant ... purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). In analyzing the purposeful availment component of specific personal jurisdiction, courts refuse to exercise jurisdiction when it is shown that the exercise of jurisdiction would be "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person.'" *M3GIRL Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 3699983, *5 (N.D. Tex., Sep. 13, 2010). Plaintiff cannot prevail under this standard. Hamilton's purchase of a vehicle and a concession stand are so "random, fortuitous" and "attenuated" that he would never have anticipated that he would be subject to jurisdiction in this forum as a result. (See Decl. at ¶ 24). *See also Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028-29 (5th Cir. 1983) (declining to exercise personal jurisdiction over non-resident defendant despite an agreement to purchase goods made in Texas, extensive communications between parties in Texas, and *inter alia*, formation of the contract in Texas).

Plaintiff alleges that personal jurisdiction is proper because "Defendants conduct and solicit business in this district." (Amended Complaint, ¶ 18). As it relates to Hamilton, this allegation is incorrect. (See Decl. at ¶ 24). Hamilton's only contacts with the state of Texas, as outlined in his Declaration, had no relationship to his past involvement with Award Design (See Decl. at ¶ 24). Instead of attempting to plead and prove these Fifth Circuit factors, Plaintiff relies on a conclusory allegation that "Defendants conduct and solicit business in this district." (Amended Complaint at ¶ 18). Conclusory allegations of the sort made in Plaintiff's Amended Complaint are not considered when determining if personal jurisdiction exists. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

**1. Hamilton's limited business contacts in Texas in his individual capacity are insufficient to justify the exercise of general or specific jurisdiction.**

Although Plaintiff's conclusory allegation concerning personal jurisdiction does not assert whether specific or general personal jurisdiction is claimed, there is no factual basis for either type of jurisdiction. Hamilton's Declaration establishes that his random and fortuitous contacts with the state of Texas in his individual capacity are insufficient to give rise to the exercise of specific personal jurisdiction. (See Decl. at ¶ 24). "Specific jurisdiction exists where a defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Sunshine Kids Foundation v. Sunshine Kids Juvenile Products, Inc.*, No. H-09-2496, 2009 WL 5170215, *5 (S.D. Tex., Dec. 18, 2009) (citation and internal quotation marks omitted).

Plaintiff cannot circumvent this analysis by imputing any alleged contacts of Award Design with Texas to Hamilton in his individual capacity. The Fifth Circuit follows the fiduciary

shield doctrine, "which holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). "The fiduciary-shield doctrine exempts individuals from jurisdiction when the minimum contacts that would otherwise give rise to personal jurisdiction are the result of activities conducted solely on behalf of a corporate entity." *Peticure, LLC v. Telebrands Corp.*, No. 4:08cv345, 2009 WL 2356120, *3 (E.D. Tex., Jul. 30, 2009). Thus, the only facts that the Court can rely on in determining if it may exercise personal jurisdiction over Hamilton are the activities he has undertaken in his individual capacity, separate and apart from his actions as a corporate representative. (See Decl. at ¶ 24). Further, Plaintiff cannot establish personal jurisdiction over Hamilton by linking him to the other co-defendants. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007) ("[O]nly the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person.").

Finally, there is no basis for the exercise of general personal jurisdiction in this case. Hamilton's brief business transactions in Texas are hardly the kind of "continuous and systematic general business contacts" that the United States Supreme Court has required of defendants before subjecting them to general personal jurisdiction. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *see also Helicopteros Nacionales the Colombia, S.A. v. Hall*, 466 U.S. 408, 416-17 (1984) (holding that, in absence of relationship between actions directed at forum and claims made in suit, continuous and systematic activities were required).

2.   **The Plaintiff's cause of action does not arise from Hamilton's limited business contacts in Texas.**

There is no relationship between Plaintiff's allegations about copyright infringement and Hamilton's limited activities in Texas.   *Ham v. La Cienega Music Co.*, 4 F.3d 413 (5th Cir. 1993) (noting importance of lack of relationship between plaintiff's allegations and specific injury in the forum state).   There must be a causal nexus between Hamilton's actions in Texas such that "the litigation results from alleged injuries that arise out of or relate to those activities." *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).   Hamilton's contacts with Texas in his individual capacity—purchasing a vehicle and a concession stand for use in Oklahoma—have no bearing on Plaintiff's copyright action. Therefore, this factor weighs heavily against the exercise of personal jurisdiction over Hamilton.

Nothing in the Amended Complaint establishes specific actions by Hamilton directed at Texas.   Plaintiff attempts to group all defendants together by alleging that "[t]he Court has personal jurisdiction over *Defendants* because *Defendants* conduct and solicit business in this district."   (Amended Complaint at ¶ 18) (emphasis added).   For purposes of a personal jurisdiction analysis, this collective grouping of "Defendants" is impermissible.   *General Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, No. 06-20395, 2007 WL 2909565, *17 (5th Cir., Oct. 5, 2007) (citing *Rush v. Savchuk,* 444 U.S. 320, 332-33 (1980)).   Further, none of Hamilton's individual transactions in Texas were connected with the sale of any product using Plaintiff's work.   *See General Retail Services, Inc.*, 2007 WL 2909565 at *7 (crediting affidavits of nonresident defendants who established no communications or activities in Texas *relating* to the plaintiff's claims); *see also Religious Technology Center v. Liebreich,* 339 F.3d 369, 375 (5th

Cir. 2003) ("In the specific jurisdiction rubric, only those acts which relate to the formation of the contract and the subsequent breach are relevant").

### 3. Alternatively, exercising personal jurisdiction over Hamilton would violate traditional notions of fair play and substantial justice.

Without waiving the lack of minimum contacts argument, if the Court decides there are sufficient contacts, Hamilton would show in the alternative that exercising jurisdiction would "offend traditional notions of fair play and substantial justice." *Lewis*, 252 F.3d at 358 (citation omitted). The Fifth Circuit examines five factors in determining if due process has been followed:

> In conducting the fairness inquiry, we examine (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies.

*Luv N' care, Ltd.*, 438 F.3d at 473. An analysis of these factors weighs heavily in favor of not exercising jurisdiction over Hamilton.

First, the burden on Hamilton, a nonresident defendant, is great. Hamilton lives in the northeastern portion of Oklahoma in Broken Arrow. (Decl. at ¶ 2). Broken Arrow, Oklahoma is approximately five hundred and thirty-two miles driving distance from the United States District Court for the Western District of Texas, San Antonio Division. Plaintiff voluntarily chose to file his action in the southern portion of Texas, although his business is in Illinois. By Order dated December 2, 2010 Defendants Lone Star Silversmith, Inc. and Jeff Dees were dismissed with prejudice from this lawsuit. [Doc. 31]. Thus, the only defendants with a plausible Texas connection are no longer even defendants. The remaining co-defendants are residents of Colorado and Montana, and it is likely that the witnesses would be located in those states in addition to Oklahoma.

DEFENDANT WENDELL HAMILTON'S MOTION TO DISMISS AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Second, the state of Texas has no real interest in litigating this dispute. Plaintiff does not even live in Texas; he is a resident of the state of Illinois. (Amended Complaint at ¶ 5). Plaintiff's business has no real connection to Texas as it is operated in Illinois. *Id.* Courts routinely consider the plaintiff's residency when determining the "fair play and substantial justice" component of personal jurisdiction analysis. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 780 (5th Cir. 1986) ("The fact that the [plaintiff] is a resident of Texas provides Texas with a significant interest in providing a forum for this action.").

Third, there are no agreements at issue in this matter that are governed by Texas law, which is a significant factor the courts have relied upon. *See Credit Union Liquidity Services, LLC v. Coastal Federal Credit Union*, No. 3:09-CV-0817-G, 2010 WL 3606033, *7 (N.D. Tex., Sep. 14, 2010) (holding that burden on defendant in coming to Texas was *outweighed* by Texas' interest "in adjudicating this matter, particularly considering that the agreements at issue are governed by Texas law"); *Santander Consumer USA, Inc. v. Car Smart, Inc.*, No. 3:09-CV-2317-G ECF, 2010 WL 3703848, 6 (N.D. Tex., Sep. 20, 2010) (same result).

**B.    THIS COURT SHOULD DISMISS THIS SUIT FOR IMPROPER VENUE.**

Venue is improper in this judicial district or any other judicial district in Texas as to Hamilton. Plaintiff alleges that "[v]enue is proper under 28 U.S.C. §§ 1391 and 1400(a)." (Amended Complaint at ¶ 17). However, the reliance on § 1391 is improper because "[t]he venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, but rather by 28 U.S.C. § 1400(a), the copyright venue provision." *Tran Enterprises, LLC v. Dao*, No. H:10-1347, 2010 WL 5092968, *2 (S.D. Tex., Dec. 7, 2010) (internal quotation marks omitted) (citation omitted).

Reliance upon § 1400(a) is also unwarranted.   First, § 1400(a) provides that federal copyright actions  "may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  It is undisputed that Hamilton does not live in this judicial district, or for that matter, anywhere in Texas.  (Decl. at ¶ 2).  Courts interpreting the "may be found" provision of § 1400(a) have held that an individual may be found wherever he is subject to personal jurisdiction.  *TracFone Wireless, Inc. v. Carson*, No. 3:07-CV-1761-G, 2008 WL 4107584, *8 (N.D. Tex., Aug. 28, 2008) ("It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction.") (citation omitted).  Accordingly, if there is no personal jurisdiction over Hamilton, venue must be improper under § 1400(a).

Plaintiff's only cause of action other than the copyright claim under 17 U.S.C. § 501 *et seq*. is for unjust enrichment.  Whether venue for this cause of action is proper under 28 U.S.C. § 1391 should not even be reached because Plaintiff's claim is plainly preempted under the Copyright Act.[2]  Presumably this is an attempt to allege a Texas state cause of action, although Plaintiff does not invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367.  At any rate, it is an exercise in futility, as several courts in this Circuit have held that claims for unjust enrichment arising from copyright infringement claims are preempted.   *McArdle v. Mattel Inc.*, 456 F.Supp.2d 769, 779 (E.D. Tex. 2006) (holding that unjust enrichment claim was preempted by federal Copyright Act); *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F.Supp.2d 756, 769 (N.D. Tex., 2006) ("Courts generally find that claims for unjust enrichment and quantum meruit are preempted by the Copyright Act to the extent they are based

---

[2] Hamilton and Award Design will be filing a Motion to Dismiss the unjust enrichment claim.

on a defendant's violation of an exclusive right protected by the copyright law."); *Tavormina v. Evening Star Productions, Inc.*, 10 F.Supp.2d 729, 734 (S.D. Tex., 1998) (same result).  Further, Texas does not even recognize unjust enrichment as a cause of action.  *Mowbray v. Avery,* 76 S.W.3d 663, 679 (Tex.App.-Corpus Christi 2002) ("unjust enrichment is not a distinct independent cause of action but simply a theory of recovery").

### III. CONCLUSION

This Court has no personal jurisdiction over Defendant Wendell Hamilton and venue in this judicial district is improper for the reasons stated above.  Hamilton would move this Court for entry of an Order dismissing him from this lawsuit with prejudice.

Respectfully submitted,

**PAINE, TARWATER, AND BICKERS, LLP**
4301 Westbank Drive, Suite B200
Austin, Texas 78746
(512) 328-5551 Telephone
(512) 328-5556 Facsimile

By: _____
Ryan L. Harrison
TX State Bar Number 24068704

**ATTORNEYS FOR DEFENDANT**
**WENDELL HAMILTON**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on Plaintiff's counsel and to all known counsel via CM/ECF system, which will send notification of such filing to counsel of record, on this the 11th day of February, 2011.

Stephen A. Kennedy
Kennedy Clark & Williams, PC
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201
*Attorney for Plaintiff*


All Known Counsel of Record

Ryan L. Harrison