UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIAM C. SPENT, JR. d/b/a SPENT SADDLERY & FEEDS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: SA-09-CV-838-XR ) |
| LONE STAR SILVERSMITH, ET AL., | ) ) |
| Defendants. | ) |

**SHOW CAUSE ORDER**

On this date, the Court considered the status of this case. The Court finds that this case was initiated by the filing of Plaintiff William Spent's original complaint against Lone Star Silversmith and Jeff Dees for copyright infringement on October 13, 2009. Plaintiff alleged that Defendants violated the copyright on his team penning logo.

On October 22, 2010, Plaintiff sought an extension of the deadline for filing a motion for leave to file an amended complaint. Plaintiff asserted that Dees and Lone Star had admitted that an unidentified Mexican contractor had participated in the infringement with Defendants. The Court granted the extension of time to allow Plaintiff to identify the Mexican contractor and add the contractor as a party. Meanwhile, Plaintiff and Dees and Lone Star worked out a tentative settlement.

On November 8, 2010, Plaintiff filed a motion to continue, asserting that Plaintiff "has discovered additional parties participating in the infringing conduct" and that Plaintiff wished to name them as parties, but needed additional time to conduct discovery. *See* docket no. 25. The Court granted the motion, giving Plaintiff until November 22, 2010 to file an amended complaint. Plaintiff filed the amended complaint on November 22, 2010 (*see* docket no. 26), asserting claims

against Dees and Lone Star, as well as six new parties -- Dan Geolfos and Geolfos Silversmith, Inc. ("the Geolfos defendants"); Award Design Medals, Inc. and Wendell Hamilton ("the Award Design defendants"); and Montana Silversmith, Inc. and Group Montana ("the Montana defendants"). Plaintiff alleged that the new defendants had infringed his copyright on the team penning logo. The Complaint alleged on information and belief that Award Design Medals is owned by Montana Silversmiths.

Plaintiff then formalized the settlement with Defendants Lone Star and Dees, and all claims against these defendants were dismissed with prejudice on December 2, 2010. Docket no. 31.

Plaintiff served the new defendants at various times in December 2010, and filed returns of service. Each of the returns of service included an affidavit filed by Plaintiff's counsel that stated that "Plaintiff and Defendant have mutually agreed to an extension of time for Defendant to Answer Plaintiff's Amended Complaint."

On January 31, 2011, Montana Silversmith and Group Montana filed an Answer. *See* docket no. 40. Therein, they denied Plaintiff's allegation that Award Designed Medals is owned by Montana Silversmith. On February 11, 2011, Defendant Wendell Hamilton filed a motion to dismiss and motion to transfer venue, and Defendant Award Design Medals filed its Answer. *See* docket nos. 44, 45, and 46. The parties are conducting discovery concerning personal jurisdiction over Defendant Hamilton, and briefing on the motion is currently due to be completed in May.

On March 3, 2011, Plaintiff filed an Agreed Motion for Preliminary Injunction as to Geolfos Silversmith and Dan Geolfos. Plaintiff presented an Agreed Preliminary Injunction signed by Dan Geolfos. The Court entered the Agreed Preliminary Injunction on March 9, 2011.

Having reviewed the file, the Court notes significant issues that need to be addressed.

**Geolfos Defendants**: Defendants Dan Geolfos and Geolfos Silversmiths have not filed answers. Plaintiff's return of service states he has agreed to extend the deadline for doing so, but the parties may not extend this deadline, only the Court can. Thus, these parties need to file their answers or they will be considered in default. The Court reminds the parties that, in federal court, a corporation, as a fictional legal person, can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). This is so even when the person seeking to represent the corporation is its president and major stockholder. *In re K.M.A.*, 652 F.2d at 399. Accordingly, any pleadings filed by Geolfos Silversmith, Inc. must be submitted by counsel. Plaintiff is directed to provide a copy of this Order to the Geolfos Defendants.

**Joinder**: When Plaintiff first sought leave to file an Amended Complaint to add new parties, Plaintiff sought to add claims against a Mexican contractor associated with Defendants Dees and Lone Star. In Plaintiff's motion for continuance, Plaintiff stated that he had discovered "additional parties participating in the infringing conduct" and wished to name them. When the Court granted leave to amend, it was with the understanding that the claims against the new parties would be properly joined with the claims against the existing defendants. Rule 20 provides that parties "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Both requirements must be satisfied for joinder to be proper. Rule 21 governs the remedy for misjoinder, and provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Fed. R. Civ. P. 21.

Upon reviewing the amended complaint, it appears to the Court that none of the new defendants are related to the original defendants Dees and Lone Star, and that they are improperly joined in this lawsuit. There are no allegations that these persons or entities are in any way associated with Dees and Lone Star, that they engaged in concerted conduct with Dees and Lone Star, or that they were even aware of Dees' and Lone Star's actions. Rather, the only allegation is that they infringed on the same copyrighted work. Standing alone, however, this does not demonstrate that the claims arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against Dees and Lone Star. Thus, it appears that the proper remedy would be to sever the claims into one or more new lawsuits, and to issue a final judgment on the claims against Dees and Lone Star in this case.

Further, it appears that the claims against the new Defendants must be severed into two or more new lawsuits. There appears to be no relationship between the Geolfos Defendants and the other defendants. Plaintiff did allege on information and belief that Award Design Medals is now owned by Montana Silversmith, but that allegation has been denied. Plaintiff also appears to allege that persons at Award Design and Montana Silversmith may have been acting in concert. If Plaintiff continues to have a good faith basis for asserting that these entities are related or that they acted in concert, the claims against them may be able to proceed in a single lawsuit.

The Court recognizes that permitting joinder of the Defendants would reduce Plaintiff's fees and costs and would serve judicial economy in preventing multiple lawsuits. However, as recognized by the district court in *Tele-Media Co. of W. Conn. v.. Antidormi*, 179 F.R.D. 75, 76 (D. Conn. 1998), a single action poses additional burdens and costs on the clerk's office, which must

prepare and mail a copy of every order to every defendant, and poses additional burdens on the court in managing the various parties and preventing delays. It also imposes additional burdens on the individual Defendants and could result in prejudice to the individual Defendants at trial. Thus, as the *Tele-Media* court concluded, though pragmatic considerations may point toward permitting the action to proceed as is, the same transaction test of Rule 20 stands in the way. *See also Arista Records v. Does I-IV*, 589 F. Supp. 2d 151 (D. Conn. 2008). Because an allegation that independent parties may have violated the same copyrighted work, even if in the same manner, does not satisfy Rule 20's same transaction test, Plaintiff must present more to demonstrate proper joinder in this case.

Accordingly, Plaintiff is directed to show cause in writing, **no later than April 11, 2011**, why the claims against the six new defendants should not be severed as improperly joined with the claims against Dees and Lone Star. Further, Plaintiff should inform the Court whether the claims against the new defendant groups should be severed into two or three new lawsuits.[1]

SIGNED this 25th day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] As noted, it appears that severance of the claims against the Geolfos Defendants will be required into one separate lawsuit. Depending on the relationship between the Award Design Defendants and the Montana Defendants and whether Plaintiff demonstrates that their alleged infringements are part of the same transaction or occurrence, there may need to be one or two additional new lawsuits.